IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Minerva Solis, § | | |
| *Plaintiff*, § | | |
| § | 3:23-cv-328 | |
| v. § | | |
| § | | |
| City of Texas City § | JURY DEMANDED | |
| *Defendant*. § | | |

## ORIGINAL COMPLAINT AND JURY DEMAND

Minerva Solis complains of Texas City's violations of federal law forbidding discrimination and retaliation in employment. Defendant's actions and omissions concerning Solis' employment violate the Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601, *et seq*.

### I.  OVERVIEW

1. This is an action to remedy unlawful employment practices in violation of the FMLA. Texas City interfered with and then retaliated against Ms. Solis, a hardworking and dedicated employee of 15 years, after she suffered a serious injury which required FMLA leave. When she first returned from leave, the City's supervisors intentionally gave her work caused to reinjure her, then they fired her for pretextual reasons when she returned from a second leave. Texas City's violations of the FMLA, a law designed to protect workers like Ms. Solis, inflicted significant harm. Ms. Solis seeks to be made whole, and she seeks any and all remedies allowed under the FMLA.

### II.  PARTIES

2. Minerva Solis is a citizen of Texas residing in Texas City, Texas, Galveston County.

3. Ms. Solis was an "employee" under the FMLA.

4. Defendant, The City of Texas City, is a municipal corporation under the laws of the State of Texas, located within Galveston County, Texas. Defendant may be served through the mayor, clerk, secretary, or treasurer pursuant to Texas Civil Practice and Remedies Code Section 17.024b. Service is proper on Defendant's Mayor, Dedrick D. Johnson, 1801 9th Avenue North, P.O. Drawer 2608, Texas City, Texas 77592-2608. The causes of actions asserted below arose from and are connected to purposeful acts by Texas City and its agents during and after Ms. Solis' employment with Texas City.

5. Defendant is and was an "employer" under the FMLA at all times relevant to this action. Texas City has and has had over 50 employees at all times relevant to this action.

### III. JURISDICTION AND VENUE

6. This is an action for employment discrimination and retaliation in violation of the FMLA. This court has original jurisdiction to hear the merits of these claims under 28 U.S.C. §§ 1331 and 1343, and § 29 U.S.C. 2617.

7. Texas City is located within the jurisdiction and venue of this court and is subject to personal jurisdiction here. Plaintiff Solis lives in and was employed and worked in Texas City, within the jurisdiction and venue of this Court. The actions and events giving rise to this litigation occurred within the jurisdiction and venue of this Court. Venue is therefore proper in this district and division under 28 U.S.C. § 1391.

8. Solis has satisfied all jurisdictional pre-requisites under the FMLA.

## IV. FACTUAL BACKGROUND

9. Texas City terminated Ms. Solis on August 5, 2022. Ms. Solis attempted to internally appeal her termination through the City's appeal process but the City denied each step of her appeal and her termination was ruled final on October 11, 2022.

10. Prior to her termination, Ms. Solis had a history of taking protected FMLA leave due to an on-the-job shoulder injury. In approximately February of 2021, she was hurt on the job and was placed on light duty. In June of 2021, she had a surgery to repair her rotator cuff. She received a full release approximately a year later.

11. Unfortunately, when she returned from leave, she was immediately treated badly by the City's Superintendent of Parks, Mr. Sefcik, who gave her work that caused a re-injury. On her first day back, on May 31, 2022, Mr. Sefcik assigned to her use a gas weed eater and he assigned her weed eat and trim a large area that the City usually assigns to two crews. This was an act of retaliation and discrimination based on her protected activity under the Family Medical Leave Act.

12. The work that day, using a vibrating weed eater for hours, caused her great pain and suffering. Her supervisor Charlie Thompson, saw her pain and she reported that her arm hurt and she asked for pain medicine because her arm was killing her. Despite seeing her in pain and her asking for pain medicine, Mr. Thompson asked her if she wanted to work overtime for the day.

13. Later, that day, when she returned to the shop and took her long-sleeved shirt off, Ms. Solis' arm was notably swollen to the point where co-workers commented on it out loud. Mr. Thompson witnessed the swelling too and called human resources regarding her hurt arm and shoulder. Human resources told Mr. Thompson to tell Ms. Solis to call her shoulder doctor. Her shoulder doctor recommended her to go to the Emergency Room. Human resources approved Ms.

Solis going to the ER. She went to the ER and stayed at the ER overnight in an effort to get treatment.

14. Ms. Solis then saw various doctors regarding her injury. She kept the City's human resources department notified and informed regarding her ongoing medical issues related to her arm and shoulder. She then took additional FMLA leave and was out for approximately two months on approved leave.

15. When she came back from that leave, she was soon terminated for the pretextual reason that she had been tardy numerous times in the past and the pretextual reason that she did not return promptly upon being cleared by her doctor to return to work.

16. Both reasons are false and pretextual.

17. First, her "tardies" were all more than one year prior to her termination and they were for occurrences wherein she was less than five minutes late. Men within the city with similar or worse attendance records were not written up, let alone fired.

18. The second reason is false because she did come to work after being cleared by her doctor.

19. Ms. Solis's former second-level supervisor, Mr. Sefcik, has been sent to anger management by the City. He routinely cusses at the employees in the department and he has cursed at Ms. Solis.

20. One time, Mr. Sefcik cursed at Ms. Solis in front of four men within the department and he did this just after her father had passed away. Ms. Solis had previously complained to the Mayor's office about Mr. Sefcik cursing her out. But, after this complaint and despite complaining to the Mayor, the cursing and harassment by Mr. Sefcik continued.

21. Mr. Sefcik had previously given Ms. Solis two bad reviews in the past which caused her to need to ask to step down from the position of Landscaper to Laborer, a position Mr. Sefcik then gave to a male (Mr. Mark Clark) that he had lined up for the position already. Ms. Solis was the only female in the department and he treated her differently throughout her employment.

22. Texas City's termination of Solis was retaliatory and discriminatory and in violation of Ms. Solis' rights under the FMLA. She was a 15-year employee of the City who was terminated just five years short of having full retirement benefits.

23. Since the time of her termination, Ms. Solis has lost income, lost value in her retirement account, lost life insurance, and lost medical insurance. The termination also came at a time when as a single mother, Ms. Solis was (and is) trying to put her young adult son through college. The termination and violation of the FMLA have had an incredibly hard impact on Ms. Solis' life.

24. Through the undersigned counsel, Ms. Solis notified the City's Mayor, Director of Parks and Recreation, Civil Service Director, and City Attorney regarding the above facts and seeking conciliation if possible. That notice was provided on July 13, 2023. No agent or individual from Texas City responded, in any way, to the notice.

25. At all relevant times Texas City was aware of its duties under federal law to prevent and remedy discrimination in the workplace, to provide family-medical leave, and to not interfere with or retaliate for FMLA leave. Texas City's personnel policy states that the policy "at all times be construed in a manner consistent with the Family and Medical Leave Act…".

26. Despite its awareness of and obligations under the law, Texas City places almost no emphasis on worker protections like the FMLA, with little or no training of key personnel on these policies, and with management personnel given discretion to take adverse employment

actions in violation of the FMLA. Training on non-discrimination and non-retaliation practices and protections is perfunctory, at best, and this lack of emphasis filters down to employment decisions.

27. After her termination, Solis timely appealed her termination through the City's alleged grievance procedure. But the City rubber-stamped the termination and undertook no legitimate review of the termination. The City's alleged grievance procedure is a sham, and does not safeguard employees' federally protected FMLA rights.

## V. CAUSES OF ACTION

### COUNT 1 - INTERFERENCE UNDER THE FAMILY MEDICAL LEAVE ACT

28. Solis incorporates the above paragraphs by reference.

29. Congress enacted the Family Medical Leave Act in 1993, among other reasons, to "balance the demands of the workplace with the needs of families…" and to "entitle employees to take reasonable leave for medical reasons…." 29 U.S.C. § 2601(b). This was due, in part, to a finding that "there [was] inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods…." 29 U.S.C. § 2601(a). The FMLA therefore makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA. 29 U.S.C. § 2615(a)(1).

30. Solis was an "eligible employee" of Texas City within the FMLA's meaning at all relevant times. *See* 29 U.S.C. § 2611(2). Consequently, the FMLA entitled her to certain rights, including the right to 12 weeks of protected leave for a "serious health condition" and to "be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment." 29 C.F.R. § 825.214. An employee is entitled to reinstatement even if the employer "replaced [her] or … her

position has been restructured to accommodate the employee's absence." *Id.* Employers have the burden to show that an employee "would have been laid off during the FMLA period and, therefore, would not be entitled to restoration" when an employee is "laid off" during FMLA-protected leave. *See* 29 C.F.R. § 825.216.

31. Since about February of 2021, Solis had a "serious health condition" under the FMLA. *See* 29 U.S.C. § 2611(11).

32. Solis was on FMLA-covered leave when she returned to work on May 31, 2022 and her supervisor, Mr. Sefcik, knowingly assigned work to her that was more than normally given to one employee (it was usually given to two crews) and he knew that she would suffer potential reinjury. Later, that same day, her supervisor Charlie Thompson saw that she was in pain and injured yet tried to assign her overtime. When Ms. Solis left work on a protected leave from the reinjury, she was terminated upon her return to work for pretextual reasons.

33. Texas City unlawfully interfered with, restrained, and/or denied Solis's enjoyment of her FMLA rights in violation of the FMLA, 29 U.S.C. §2601, *et seq.* Texas City violated the FMLA by, among other acts or omissions, interfering with Solis' rights under the FMLA, terminating her for taking protected FMLA leave, and harassing her and assigning work that would likely aggravate her existing injury, when such work was not normally assigned to one health employee, it was normally assigned to two crews of healthy employees.

34. Texas City lacked any good-faith basis for its actions or omissions and should be liable for liquidated damages.

**COUNT TWO – RETALIATION UNDER THE FAMILY MEDICAL LEAVE ACT**

35. Solis incorporates the above paragraphs by reference.

36. Solis was an "eligible employee" of Texas City within the FMLA's meaning at all

relevant times.

37. The FMLA makes it unlawful for employers to discriminate against an individual or discharge an employee for having exercised or attempted to exercise any FMLA right. 29 U.S.C. §2615(a)(2).

38. Texas City retaliated against Solis for her exercise of rights under the FMLA. Texas City unlawfully interfered with Solis' right to take FMLA leave, in violation of the FMLA, 29 U.S.C. §2601, *et seq.*

39. Texas City lacked any good-faith basis for its actions or omissions and should be liable for liquidated damages.

## VI. DAMAGES AND OTHER REMEDIES

40. Solis incorporates the above paragraphs by reference.

41. Texas City's discrimination and retaliation caused Solis significant harm. The FMLA entitle her to be made whole for this harm. She seeks equitable relief necessary to return her to the position that she would have held absent Texas City's unlawful conduct and to protect her and others from discrimination and retaliation.

42. Texas City caused Solis to suffer—and she expects yet to suffer—pecuniary losses, including but not limited to, lost wages and other benefits associated with employment. These benefits include, but are not limited to, her retirement account and funding of that account which she previously held as an employee of Texas City.

43. As a further result of Texas City's unlawful conduct, Solis has suffered—and continues to suffer—non-pecuniary losses including, among others, humiliation, damage to professional and personal reputation, undue stress, anxiety, mental distress and anguish, loss of enjoyment of life, and other non-pecuniary losses.

44. Texas City acted willfully, in that it acted with reckless disregard for Solis' rights under federal law. The FMLA authorizes and demands liquidated damages to punish Texas City's lawbreaking and deter others from violating this key public policy.

45. The FMLA entitles Solis to interest on all damages she has suffered because of Texas City's violation of the FMLA.

46. Texas City's unlawful conduct forced Solis to retain counsel to redress the harms done. Consequently, she seeks attorney's fees, expert costs, costs of suit, and other reasonable litigation expenses.

## VII. JURY DEMAND

47. Solis requests a jury trial on all issues and claims in this case.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Solis prays that Defendant Texas City be summoned to appear and answer, and that on final trial or summary disposition, the Court enter a judgment for Solis against Texas City for the following:

a. A declaration that Texas City's actions violated United States law and that its actions violated Solis' rights under the FMLA.

b. Equitable relief necessary to permanently and forever prevent defendant and its officers, agents, servants, employees, and anyone in active concert or participation with them, from engaging or acquiescing in the unlawful employment practices alleged above, including but not limited to:

   (i) an order that Texas City implement and execute adequate policies, procedures, and programs to prevent and remedy discrimination and retaliation, and to eradicate the effects of their past unlawful employment practices;

   (ii) an order that Texas City implement adequate company-wide training on disability discrimination, FMLA rights, and retaliation;

   (iii) Reinstatement to the position, seniority, and benefits that Solis would have held but for the discrimination and retaliation, and all other equitable relief

necessary to restore her to the position that she would have held but for discrimination and/or retaliation; and front pay if this other equitable relief is not feasible; and

    (iv) Other equitable relief necessary to bring Texas City into compliance with – and to remain in compliance with – the law.

c. Back pay, including but not limited to lost wages and other employment benefits.

d. Liquidated damages in the maximum amount allowed by law.

e. Pre- and post-judgment interest.

f. Attorney's fees, expert fees, costs of suit, and other reasonable litigation expenses.

g. All other legal and equitable relief to which Solis is justly entitled.

Dated: October 3, 2023

Respectfully submitted,

GILLESPIE SANFORD LLP

4803 Gaston Ave.
Dallas, Texas 75246
Tel: 214.800.5111
Fax: 214.838.0001

By: */s/ Joseph H. Gillespie*
   Joseph H. Gillespie
   Texas Bar No. 24036636
   Email: joe@gillespiesanford.com

ATTORNEYS FOR PLAINTIFF